# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60585
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES TRACY CUNEO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-168-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Tracy Cuneo appeals the revocation of his supervised release following his sentence for failure to register as a sex offender. He urges that there was insufficient evidence supporting the revocation because the witness testimony was unreliable and did not establish his actual possession of methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60585

The arresting officer testified to seeing Cuneo drop a bag containing a substance that tested positive for methamphetamine. There was no evidence that another individual possessed the bag during the time the officer conducted a safety sweep of the house. Viewed in the light most favorable to the Government, the evidence shows that the district court did not abuse its discretion in revoking Cuneo's supervised release based on possession of methamphetamine. *See United States McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994).

Cuneo also challenges his within-guidelines sentence of eight months of imprisonment and a two-year term of supervised release. He argues that the district court imposed a substantively unreasonable sentence because it was his first revocation of supervised release and the district court placed too much weight on irrelevant sentencing factors, including testimony from a probation officer about an unannounced home visit and his admission to being a habitual marijuana user. However, he has not shown that the district court failed to take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *See United States v. Warren,* 720 F.3d 321, 332 (5th Cir. 2013).

AFFIRMED.